# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| JAMES HANNAH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ASPIRE PHYSICAL RECOVERY )<br>CENTER OF WEST ALABAMA, LLC, )<br>)<br>Defendant. ) | Case Number: 7:17-cv-01016-JHE |

## MEMORANDUM OPINION AND ORDER[1]

On June 16, 2017, Plaintiff James Hannah ("Hannah") initiated this employment discrimination action against Defendant Aspire Physical Recovery Center of West Alabama, LLC ("Aspire"). (Doc. 1). After an early motion to dismiss (doc. 5), attempts to amend (doc. 14), and opposition thereto (doc. 16), Hannah was permitted to file an amended complaint. (Docs. 17, 18, 19, & 20). Aspire now moves to dismiss three of the six claims in the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. (Doc. 21). The undersigned informed Hannah of the deadline to file any opposition to the motion to dismiss. (Doc. 23). That deadline has passed, and Hannah has filed no response. For the reasons explained more fully below, Aspire's motion to dismiss Count 2, Count 4, and Count 5 (doc. 21) is **GRANTED**.

### I. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 10).

1

announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or " a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Rule 12(b)(6), Fed. R. Civ. P., permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. Factual Allegations[2]

Hannah, a Caucasian male, was employed by Aspire, a physical therapy and rehabilitation center, as a "laborer/laundry helper." (Doc. 19 at ¶ 6). Hannah alleges he was subject to "disparate

---

[2] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint >are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In other words, the "facts" are taken directly from the amended complaint.

treatment" in work allotment, as compared to African-American employees, because he was given more work to do than African-American employees with equal qualifications. (*Id.* at ¶¶ 1 & 2). Hannah further alleges he was "sexually harassed" when he had to endure "constant sexual conversation with certain female employees, even after acknowledging that the conversation was inappropriate and that it made him feel uncomfortable. (*Id.* at ¶3). Hannah next alleges he was required to work a job for which other employees were paid a higher rate than he was paid and that he was "ridiculed and harassed" after bringing this pay discrepancy to management's attention. (*Id.* at ¶ 4). Hannah alleges he was ultimately wrongfully terminated. (*Id.*). Finally, Hannah alleges that while he worked at Aspire, he was passed over for numerous jobs, and management selected people of "other races[] even though [Hannah] was just as qualified for more qualified" than the individuals hired. (*Id.* at ¶ 5).

### III. Analysis

Aspire contends that Hannah has failed to state a cognizable claim under Title VII or § 1983, as to Count 2, Count 4, and Count 5 of the Amended Complaint.

#### A. Count 2 – "Harassment"

Count 2 of the amended complaint, entitled "Harassment," states in full: "Plaintiff avers and reaffirms paragraphs 1-8 and adds that by constantly picking on and finding every little problem that was unfounded, the Defendant and its employees harassed Plaintiff in his employment with Defendant." (Doc. 19 at ¶ 9). As an initial matter, this claim fails to identify the basis of the alleged harassment, i.e., whether Hannah is alleging racial or sexual harassment. Additionally, there are no specific, additional facts in the "Statement of Facts' that appear to be relevant to this cause of action.

Allegations of generalized harassment that do not relate to the plaintiff's protected status

do not qualify as a violation of Title VII or §1981. *See* 42 U.S.C. § 2000e-2(a) (Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of such individual's race, color, religion, sex, or national origin*.") (emphasis added). Moreover, allegations of being "picked on" and "finding every little problem that was unfounded" do not meet the plausibility standard set out in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining "unadorned, the defendant-unlawfully-harmed-me" accusations are insufficient). The amended complaint lacks any specific statement or conduct that would come close to meeting the requirements necessary to plausibly allege a Title VII harassment claim on any basis. For these reasons, Aspire's motion to dismiss is granted as to Count 2 for "Harassment."

    **B. Count 4 – "Hostile Workplace and Environment"**

Count 4 of Hannah's amended complaint, entitled "Hostile Workplace and Environment," states in full: "Plaintiff avers and reaffirms paragraphs 1-10 and adds that the harassment and discrimination by Defendant and Defendant's employees, made the workplace and environment intolerable and hostile." (Doc. 19 at ¶ 11). As noted above, such generalized allegations of "harassment" and "discrimination," without relation to some protected status and without any allegations of specific conduct or statements, does not allege a violation of either Title VII or § 1981. Additionally, this cause of action is duplicative of either Count 1 for racial discrimination or Count 3 for sexual harassment and discrimination. For these reasons, Aspire's motion to dismiss is granted as to Count 4 for "Hostile Workplace and Environment."

    **C. Count 5 – "Constructive Termination"**

Count 5 of Hannah's amended complaint, entitled "Constructive Termination," states in full: "Plaintiff avers and reaffirms paragraphs 1-11 and adds that Plaintiff felt he was not welcome

at the job, workplace or environment of the Defendant and consider [sic] himself already terminated based upon the treatment and harassment received by the Defendant and Defendant's employees." (Doc. 19 at ¶ 12).

"A constructive discharge occurs when a discriminatory employer imposes working conditions that are 'so intolerable that a reasonable person in [the employee's] position would have been compelled to resign.'" *Beltrami v. Special Counsel, Inc.*, 170 Fed. Appx. 61, 62 (11th Cir. 2006) (quoting *Fitz v. Pugmire Lincoln-Mercury, Inc.*, 348 F.3d 974, 977 (11th Cir.2003) (alteration in original) (citation omitted)). Hannah's conclusory and generalized allegations that he did not feel welcome at his job based on the "treatment and harassment" is insufficient to state a claim for constructive discharge." *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1231 (11th Cir. 2001) (explaining that the constructive discharge threshold is "quite high"). Additionally, Hannah alleges he was "wrongfully terminated." (Doc. 19 at ¶ 4) ("Plaintiff was ultimately wrongfully terminated without just cause."). Hannah cannot state a claim for "constructive termination" and allege he was actually terminated. For these reasons, Aspire's motion to dismiss is granted as to Count 5 for "Constructive Termination."

### IV. Conclusion

For the reasons stated above, Aspire's motion to dismiss Counts 2, 4, and 5 (doc. 21) is **GRANTED**. Counts 1, 3, and 6 of the amended complaint remain pending.

DONE this 7th day of November, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE